IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Victoria Hall, | ) | Case No. 6:26-cv-01500-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Julia Poley, Michal E. Faleck, Sulay Grant, Dawn Hill-Kearse, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiffs' pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge directed Plaintiff to provide certain documents to bring this case into proper form for further evaluation and possible service of process. ECF No. 7. Plaintiff did not respond to the proper form order.[1] Accordingly, on May 28, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed because venue is improper, some of the Defendants are entitled to judicial immunity or quasi-judicial immunity, and Plaintiff's complaint fails to state a plausible claim for relief; in the alternative, the Magistrate Judge recommended dismissal for failure to prosecute pursuant to Federal Rule of Civil

_____

[1] The Court notes that, after the issuance of the Report, the proper form order was returned as undeliverable. ECF No. 10. The Report has also returned. ECF No. 12. As Plaintiff has not provided a current address, there is no way to contact her about her case.

Procedure 41(b).  ECF No. 8.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend for the reasons set forth by the Magistrate Judge or, in the alternative, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 22, 2026
Spartanburg, South Carolina